IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LEROY BYRD, #09525-037     *
      Petitioner,
    v.     *    CIVIL ACTION NO. DKC-17-1679
                                                        CRIMINAL NO. DKC-10-0481
UNITED STATES OF AMERICA     *
      Respondent.
                                                *****

**MEMORANDUM OPINION**

On March 16, 2012, Petitioner Eric Leroy Byrd was sentenced on one count of possession with intent to distribute 50 grams or more of cocaine base and one count of distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). He was sentenced to a 132-month term of imprisonment as a career offender under the United States Sentencing Guidelines § 4B1.1. Criminal judgment was entered on March 19, 2012. (ECF No. 32). No appeal was noted.

On June 19, 2017, Byrd, who is now confined at the Federal Correctional Complex in Petersburg, Virginia, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, dated June 15, 2017, raising a challenge to his convictions. He argues that his prior convictions "no longer support the career offender enhancement" given the Supreme Court's June 23, 2016 decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and the Fifth Circuit's August 11, 2016 decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). (ECF No. 41).

On June 22, 2017, the court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. *Id*. at ECF No. 42. On July 17, 2017, the Government filed a response, arguing that the Motion to Vacate was time-barred. (ECF No. 43). On July 27, 2017, Byrd filed a reply to the Government's response. (ECF No. 46).

Criminal judgment was entered on March 19, 2012. As noted, Byrd did not file an appeal. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date.

*See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction). Therefore, Byrd had until March 19, 2013, to file a timely Motion to Vacate. He did not do so.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) ... prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing, or that circumstances beyond his control caused the delay. *See Rouse,* 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

Byrd does not argue equitable tolling. Rather, he invokes 28 U.S.C. § 2255(f)(3) to assert that his motion is timely because it was statutorily tolled as filed within one year of the U.S. Supreme Court decision in *Mathis*.

Byrd's argument unavailing. 28 U.S.C. § 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Fourth Circuit has clarified that "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court

2

recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F. 2d 396, 398 (4th Cir. 2012).

Byrd cannot utilize § 2255(f)(3) to justify the late filing of his motion. First, *Mathis* did not set forth a new rule of constitutional law.[1] *Mathis*, 136 S. Ct. at 2257 (indicating its decision was based on longstanding precedent). Multiple appellate courts have observed that the ruling in *Mathis* did not recognize a "new" right or rule; rather, it merely applied an existing principle to a new set of facts. *See*, *e.g.*, *Dawkins v. United States,* 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *see also United States v. Taylor*, 672 Fed. App'x. 860, 864 (10th Cir. 2016) (*Mathis* did not announce a new rule of law); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (*Mathis* is neither retroactive nor a new rule of constitutional law). Further, this court and other district courts have reached similar conclusions. *See Gary v. Kallis*, 2017 WL 2242680 at *4 (D. Md. 2017) (Supreme Court did not establish a new rule of law in *Mathis*); *Adams v. United States*, 2017 WL 1040346 at *3 (D. Maine 2017) (*Mathis* does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review); *Blackwell v. United States*, 2016 WL 5849384, at *4-5 (W.D. Va. 2016) (*Mathis* did not announce a new rule of constitutional law). Thus, Petitioner's motion is subject to dismissal as untimely.

---

[1]  *Mathis*, which held that an Iowa burglary conviction was not a predicate offense under the Armed Career Criminal Act because the elements of the state's burglary statute were broader than the elements of the enumerated offense of generic burglary, simply clarified the application of the modified categorical approach. *Mathis*, 136 S.Ct. at 2257.

3

In his reply, Byrd makes a claim arguing that his motion is timely under § 2255(f)(4). (ECF No. 46). This provision provides that the motion must be filed within one year from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Byrd's new argument likewise lacks merit. The *Mathis* decision provided the basis for Byrd's § 2255 filing. The date of the Supreme Court decision in *Mathis* does not constitute a date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. A legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014).

In addition to the above analysis, a Certificate of Appealability must be considered. Unless a Certificate of Appealability ("COA") is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S., 327 (2003); *see also see also Buck v. Davis,* ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). Byrd does not satisfy this standard, and the court declines to issue a Certificate of Appealability. The Motion to Vacate will be dismissed. A separate Order follows.

Date: August 2, 2017            /s/
DEBORAH K. CHASANOW
United States District Judge